IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | No. 24-80258 |
| BEBCO ENVIRONMENTAL | § | Chapter 11 |
| CONTROLS CORPORATION, | § | Jointly Administered |
| | § | |
| Debtors. | | |

**DEBTORS' EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

> THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.
>
> EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.
>
> AS SET FORTH IN SECTION I, BELOW, EMERGENCY RELIEF IS REQUESTED ON OR BEFORE SEPTEMBER 6, 2024.

**TO THE HONORABLE ALFREDO R. PEREZ, UNITED STATES BANKRUPTCY JUDGE.**

BEBCO ENVIRONMENTAL CONTROLS CORPORATION ("BEBCO" or the "Debtor") files this Emergency Motion for Authority to Use Cash Collateral ("Cash Collateral motion"), and for cause would respectfully show:

A. **Filing Date**. On August 30, 2024 (the "Filing Date"), Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V, of the United States Bankruptcy Code, commencing the above-styled and numbered bankruptcy case (the "Bankruptcy Case"). Debtor is operating its businesses as a Debtor-in-Possession, and there are currently no pending motions to remove the Debtor as a Debtor-in-Possession.

B. **Jurisdiction and Venue**. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334(a). Being that this Motion concerns matters directly affecting the administration of bankruptcy estates and their use of cash collateral, this is a core proceeding. *See* 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(M). There is no constitutional prohibition to this Court entering a final order concerning this Motion. Venue is proper before this Court pursuant to 11 U.S.C. §§ 1408 and 1409.

C. **The SBA Indebtedness and Collateral**. The SBA is a secured creditor of the Debtor with a claim in the principal amount of $150,000. Interest accrues under the SBA Loan Authorization and Agreement at the rate of 3.75%.[1] The monthly interest accruing under the SBA Loan Agreement is $468.75. The collateral for the SBA Loan, as set forth in the SBA Loan Agreement is as follows:

> ". . . The Collateral includes the following property that Borrower now owns or shall acquire or create immediately upon the acquisition or creation thereof: all tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter

---

[1] The SBA Loan Authorization and Agreement and UCC-1 Financing Statement are attached as **Exhibit "1"** to the Cash Collateral Motion.

of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (k) as-extracted collateral as such erms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto."

The Debtor has reviewed the Secretary of State UCC filings, and has determined that the security interest of the SBA has been perfected by the filing of a UCC 1 Financing Statement.

**D.     The IRS Claim and Collateral.** The claim of the IRS is calculated based on seven tax liens on file with the Secretary of State.[2] The total amount of the IRS secured claim is $268,491. The IRS' priority unsecured claim is $202,016. The total monthly interest on, calculated at the statutory rate of interest equal to 8%. The IRS liens are for employment taxes, and the IRS lien attaches to cash collateral. *See* 26 U.S.C. § 6321 (lien attaches to "all property and rights to property, whether real or personal"); *see also id.* § 6323 (perfection and priority of tax liens).

F.     **Debtor's Stipulations**. To provide the SBA and IRS with adequate protection for the use of cash collateral, the Debtor has stipulated to the following:

a.  that the IRS Indebtedness is valid, binding and enforceable in accordance with its terms;

b. that the SBA Indebtedness is valid, binding and enforceable in accordance with its terms;

c.  that the IRS Collateral is duly perfected, and is valid, binding and enforceable in accordance with the statutory provisions set forth above; and

d`. that the SBA's lien is duly perfected, and is valid, binding and enforceable in accordance with the SBA Loan Authorization and Agreement and the UCC-1 filing with the Secretary of State of the State of Texas.

G.     **Cause Shown**. Good cause exists to support entry of an Interim Order Authorizing Use of Cash Collateral. The Debtor requires the use of Cash Collateral to operate its business.

---

[2] The IRS Tax Liens are listed on **Exhibit "2"** attached to the Cash Collateral Motion.

Without the use of Cash Collateral, the Debtor will not be able to meet its cash requirement for working capital needs or to fund the administration of the Bankruptcy Case. The Debtor believes that it is in the best interest of the bankruptcy estate and its creditors to utilize the Cash Collateral subject to the terms and conditions set forth herein. The Debtor believes use of the Cash Collateral subject to the terms and conditions set forth herein is a proper exercise of its business judgment. The partial adequate protection provided herein and other benefits and privileges contained herein are consistent with and authorized by the Bankruptcy Code and are expected to provide adequate protection for the interests of the IRS and SBA in their respective Prepetition Collateral.

H. **Notice**. The Court finds that the notice to the U.S. Trustee, the Subchapter V Trustee, the SBA and the IRS, and the Debtor's creditors was sufficient under the circumstances. Entry of an Interim Order is justified and appropriate under the circumstances and is in the best interest of the estate. Use of Cash Collateral as provided herein is being requested to avoid immediate and irreparable harm.

**RELIEF REQUESTED**

1. Debtor requests that its Emergency Motion for Authority to Use the cash Collateral of the IRS and the SBA be GRANTED as set forth herein.

2. Debtor requests authority to use Cash Collateral only as set forth in the Budget attached hereto as **EXHIBIT 1** to the extent and subject to the terms and provisions set forth in the proposed Interim Order uploaded with this Cash Collateral Motion.

WHEREFORE, Debtor requests authority to use the cash collateral of the SBA and the IRS specifically pursuant to the terms and conditions set forth in the proposed interim Order uploaded with this Cash collateral Motion. Debtor request such other and further relief to which it may show itself justly entitled.

Respectfully submitted this 31st day of August 2024.

*/s/Leonard H. Simon*
**Leonard H. Simon, Esq.**
TBN: 18387400; SDOT: 8200
The Riviana Building
2777 Allen Parkway, Suite 800
Houston, Texas 77019
(713) 528-8555 (Main)
(832) 202-2810 (Fax)
lsimon@pendergraftsimon.com

***PROPOSED ATTORNEY FOR DEBTOR***

OF COUNSEL:
William P. Haddock, Esq.
PENDERGRAFT & SIMON
2777 Allen Parkway, Suite 800
Houston, Texas 77019
(713) 528-8555 (Main)
(832) 202-2810 (Fax)

## **CERTIFICATE OF SERVICE**

(To be filed separately)